The opinion of the court was delivered by
Mannxít&, C. J.
One Henderson went to Texas in 1874 working a mule in his waggon. His creditor, Post, pursued him, and in a settlement between them, Post got the mule and brought it back. Henderson’s father thereupon brought suit against Post for the mule, alleging that he had only loaned the mule to his son. On the trial in the parish court, Paulk, the prisoner, swore that he had seen the elder Henderson sell his son a mule in the former’s lot. Henderson had judgment in the parish court, and Post appealed. On the trial in the district court, the prisoner was not a witness. Post had judgment there. But in the interim between the two trials of the civil cause, the prisoner was indicted for perjury, and from the verdict of conviction, and sentence to five years’ confinement in the penitentiary, he prosecutes this appeal.
A new trial was moved for the reason that “ the verdict of the jury is contrary to the law and the evidence, and in conflict with justice, humanity, and common sense.”
The issue was, did the prisoner swear falsely when saying that he saw Henderson sell the mule to his son. The judgment of the District court, decreeing title in Post under the younger Henderson’s sale to him was offered in evidence by the prisoner, and rejected by the Court because it was “between third parties, and was not res judicata as to the State, and not relevant to the issue in this cause.”
It is difficult to perceive what the principle, founded on the thing adjudged, has to do with this proceeding, or in what way it affects it. The prisoner was indicted for false swearing in a certain civil suit. He *832 offered the judgment in that suit to prove a fact, viz that the court had solemnly adjudged that a sale had been made by certain persons of a certain animal. It was for swearing that he saw that sale made, that he was indicted. It may be that a sale had been made, and the prisoner did not see it, but that is outside of the question of the right of the prisoner to prove the judgment of the Court upon the identical issue to which he swore, and in accordance with the tenor of his oath. The evidence was not only relevant, but of the greatest consequence to the prisoner. The record of the court at which the perjury is charged to have been committed is not only admissible, but is so necessary a part of the testimony that it will not be excluded for a misrecital in a mere matter of date. Thus, if the day of holding the court at which the perjury is alleged to have been committed is misrecited in the indictment, the record of that Court of a different day was not excluded, the day having been laid in the indictment with a videlicet. State v. Clark, 2 Tyler 282.
There was also offered in evidence, and refused, the written reasons of the judge for the judgment in that case. That paper is as much a part of the suit as any other, and we know of no good reason why it .should have been excluded.
The prisoner offered one Goyne as a witness to -prove that the elder Henderson did sell the mule to his son at Earrar’s gin-house the day before the prisoner swore the mule was sold, but on objection by the State, •the court excluded the testimony on the ground that it'was “an attempt to contradict the witness Henderson by shewing that he had made different declarations as to the sale from those sworn to by him without laying the proper basis for such contradiction.”
The evidence was admissible for the purpose for which the bill recites it was offered, i. e. to prove that Henderson did sell the mule to his son, and thus to assist in establishing a fact, for swearing to which as a fact, the prisoner was charged with perjury. It did not matter if it did discredit another witness. The act to be proved by Goyne was the act which the prisoner swore he saw done.
Error is assigned in that the verdict is bad because not signed by any member of the jury, and is imperfect because reading simply — we the jury find the accused guilty — without mentioning his name, or of what crime.
There is no error in this. No foreman is appointed by the court to the petit jury in a criminal trial, nor need a jury designate one by name. The jury speaks through one of its members in delivering the verdict ore tenus, and it does not matter whether he be called, or whether the jury call him, a foreman or not. There is no need that the verdict should be written, and hence none that it be signed. In some parts of *833 ■this State, the verdicts in criminal'eases are written, more perhaps be-* ■cause jurors have seen it done in civil causes, and supposed it proper or necessary to be done in criminal trials, but the practice in the country from which we derive our criminal procedure, and the practice in our sister States, is that the verdicts in criminal causes are always delivered ■ore tenus, and are recorded by the clerk, and then read to the jury as recorded, who are then asked if that is their verdict, and if the answer is yea, the finding, rendering, and recording is complete.
It is not necessary to notice other errors assigned. Sufficient has been said to entitle the prisoner to a new trial. Therefore
It is ordered and decreed that the verdict of the jury is set aside, And the judgment rendered thereon is avoided and reversed, and it is further ordered that the cause is remanded for a new trial of the prisoner to be proceeded with according to law.